DECISION AND JUDGMENT ENTRY
James Beverly appeals the twelve-month sentence ordered by the Ross County Common Pleas Court for his violation of community control sanctions. Beverly assigns the following error for our review:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE OF TWELVE MONTHS AS PENALTY FOR VIOLATION OF COMMUNITY CONTROL SANCTIONS.
 I.
In February 2000, the court found appellant guilty of Possession of Cocaine, a violation of R.C. 2925.11(C)(4), a fifth degree felony. At that time, the appellant was already on probation for a 1995 felony drug conviction. After considering the Ohio Felony Sentencing Guidelines contained in the Ohio Revised Code, the court found that the appellant was amenable to community control sanctions.
Prior to the current violations of community control sanctions, the appellant had previously violated the community control sanctions in this case and violated his probation from the 1995 case. The appellant had also spent time in a S.E.P.T.A. program, which has obviously proven unsuccessful.
The current violations of community control sanctions arise because the appellant admitted to his probation officer that on two occasions in March 2001 he had once again used cocaine. Since the appellant was still on probation from his 1995 conviction, the present violations gave rise to both a probation violation and a violation of community control sanctions. The sentencing court consolidated both violations. At the "Probation Violation and Community Control Sanction Violation Hearing" held in March 2001, the appellant admitted to the court that he had used cocaine on two different occasions in early March.
After once again considering the Ohio Felony Sentencing Guidelines found in R.C. 2929.11 to R.C. 2929.20, the sentencing court ordered the appellant to serve a twelve-month prison sentence, the maximum sentence allowed for a fifth degree felony. This appeal involves only the sentence for violating community control and does not address the revocation of probation.
 II.
The appellant contends that the trial court erred by imposing the maximum sentence available. We find no merit in this argument.
A defendant has an appeal of right when the court imposes a maximum prison term for one offense unless the maximum sentence is statutorily mandated. See R.C. 2953.08(A)(1). A defendant also has an appeal of right where the sentence is contrary to law. See R.C. 2953.08(A)(3). We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(1)(a) and (d). See, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported. Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief in their existence. See State v. Schiebel
(1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60.
The appellant initially argues that the court should not have imposed any prison term at all. R.C. 2929.13(E)(2) requires the sentencing court to make specific findings before imposing a prison sentence on a drug offender who is already on community control sanctions and subsequently tests positive for drug use. The sentencing court must find either: (1) the drug offender was ordered to participate in a drug treatment program, drug education program, or a similar program, and that the offender continued to use the illegal drugs after a reasonable time in the program; or (2) that the imprisonment is consistent with the principles and purposes of felony sentencing found in R.C. 2929.11.
In its April 6, 2001 journal entry the sentencing court stated that it considered the "purposes and principles of felony sentencing pursuant to Ohio Revised Code Section 2929.11, * * * weighed the seriousness and recidivism factors contained in Ohio Revised Code Section 2929.12, and * * * considered the guidance by degree of felony pursuant to Ohio Revised Code Section 2929.13." The sentencing court also made the following specific findings: (1) the defendant previously served a prison sentence; (2) the defendant poses the greatest likelihood of committing future crimes; (3) the defendant has a history of felony convictions; and (4) the defendant is unable to abide by community control sanctions.
Under R.C. 2929.13(E)(2) the sentencing court is required to make only one of two findings before imposing a prison sentence on a drug offender who tests positive for drug use when subject to community control sanctions. Here, the sentencing court made both findings. The court found that the appellant was ordered to attend the S.E.P.T.A. program and continued to abuse cocaine and that the imprisonment was consistent with the principles and purposes of R.C. 2929.11. Therefore, the sentencing court conformed with the dictates of R.C. 2929.13(E)(2). Moreover, the findings are amply supported by the record, which reveals the appellant's consistent pattern of drug abuse and unwillingness to avail himself of the help offered by the court.
The appellant also contends that the record does not support the imposition of a maximum sentence in this instance. R.C. 2929.14(C) provides that a sentencing court cannot impose the maximum sentence unless it finds: (1) that the offender committed the worst form of the offense; (2) that the offender poses the greatest likelihood of committing future crimes; (3) that the offender is a major drug offender under R.C.2929.14(D)(3); or (4) that the offender is a repeat violent offender under R.C. 2929.14(D)(2). Furthermore, R.C. 2929.19(B)(2)(d) requires the sentencing court to provide reasons to support its findings when it imposes the maximum sentence for one offense.
The sentencing court satisfied R.C. 2929.14(C) by specifically finding that the offender posed the greatest likelihood of committing future crimes. The court pointed out that the offender had previously served a prison term and that he committed the offenses while under a community control sanction. The court stated that it had tried "leaving him in the community. We tried sending him to S.E.P.T.A. Neither of these seemed to work. Once we get past S.E.P.T.A., * * * there aren't many sanctions I have left." Lastly, the court reiterated the appellant's history of criminal drug abuse. The sentencing court complied with R.C.2929.19(B)(2)(d) by stating the reasons that support its finding of a great likelihood of recidivism.
The appellant argues that simply reciting a lengthy criminal record is not sufficient to order the maximum sentence. However, we think the appellant's continuous pattern of drug abuse speaks for itself and is a good indicator of the likelihood of recidivism. The sentencing court has been very patient with the appellant and has chosen imprisonment as a last resort. Thus, it did not err in sentencing the appellant to the maximum sentence. We reject the appellant's sole assignment of error.
 III.
While we have rejected the appellant's contentions, we are nonetheless concerned about the trial court's entry. After describing the appellant's conduct and citing the appropriate statutory criteria, the entry states:
 "The Court therefore imposes Defendant's original prison sentence of twelve (12) months."
It appears that the court may have confused violation of community control sanctions with probation revocation. This appearance of confusion is bolstered by the state's inane argument that we have no jurisdiction because, "The current sentence of twelve (12) months was part of Defendant's original sentence, . . . ." In a probation revocation proceeding, the court may indeed reimpose the original sentence if it finds a violation. Probation is seen as a contract for good behavior. Under probation, a court imposes but suspends the proper punishment for the underlying crime. A violation of probation is a breach of contract, for which the sentencing judge may reimpose the original (proper) sentence. Community control is not a contract for good behavior. The community control sanction is deemed the appropriate sentence to both punish the offender and protect the public. Community control is not "a break;" it is the punishment that fits the crime. Thus, when the defendant violates community control, the court imposes an appropriate sanction for that misconduct, but not for the original or underlying crime. See State v. Gilliam (June 10, 1999), Lawrence App. No. 98CA30, unreported and Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.), 580et seq., § 5.35 et seq.
However, the appellant raises no argument in this regard and it is not entirely clear from the entry that the trial court did in fact reimpose the original sentence for the underlying offense prosecuted in Case No. 99CR133. Accordingly, we do not resolve that issue.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.